J-S21014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIRBY STEWART A/K/A KEVIN WILLIAMS | : | |
| | : | No. 370 MDA 2023 |
| Appellant | : | |

Appeal from the PCRA Order Entered February 16, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0004395-1999

BEFORE:   BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                              **FILED JUNE 13, 2023**

Kirby Stewart a/k/a Kevin Williams appeals *pro se* from the order that denied his request for relief pursuant to the Post Conviction Relief Act ("PCRA").  We affirm, albeit on a different basis than that of the PCRA court.[1]

Appellant is serving a sentence for a 2000 conviction for first-degree murder.  He filed the PCRA petition at issue in this appeal on February 10, 2023.  The Honorable Merrill M. Spahn, Jr., acting for the first time as the PCRA court in this matter, explained the present proceeding and the disposition thereof as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See***, ***e.g.***, ***Commonwealth v. Parker***, 249 A.3d 590, 595 (Pa.Super. 2021) ("[T]his Court may affirm a PCRA court's order on any legal basis.").

The procedural history of this case is protracted and includes approximately nine prior proceedings pursuant to the [PCRA]. While this latest motion was captioned as a motion for [PCRA] relief, the document failed to raise a claim upon which relief could be granted. Specifically, the motion solely seeks discovery of the file of the Office of the District Attorney of Lancaster County relative to this matter.

Appellant's most recent motion for [PCRA] relief that conforms to a proper PCRA motion is currently on appeal before our Supreme Court awaiting adjudication. Regardless of the disposition of that prior motion, the relief sought in the instant motion is barred explicitly in a PCRA action absent exceptional circumstances.

Pa. Rule of Criminal Procedure 902(E), Content of Petition for Post-Conviction Collateral Relief; Request for Discovery, provides:

**(E)    Requests for Discovery**

(1)    Except as provided in paragraph (E)(2), no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances.

(2)    On the first counseled petition in a death penalty case, no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of good cause.

In addition to a complete absence of any showing of exceptional circumstances, a review of the record in this matter shows that Appellant was provided all discovery from the Office of the District Attorney when this matter was originally brought before the court. Accordingly, Rule 902(E)(1) and Appellant's previous receipt of the exact discovery which he now seeks render[s] this claim one upon which relief cannot be granted.

PCRA Court Opinion, 4/3/23, at 1-2 (cleaned up).

On this basis, Judge Spahn dismissed Appellant's filing by order of

February 16, 2023. Appellant filed a timely notice of appeal, after which both he and Judge Spahn complied with Pa.R.A.P. 1925.

After preparing its Rule 1925(a) opinion, Judge Spahn *sua sponte* recused himself from any future proceedings, explaining as follows:

> As discussed, the history of this case is quite protracted and has been before several common pleas judges. In review of the file and in preparation of this opinion, it was discovered on March 29, 2023, that there exists a conflict in Judge Spahn continuing to preside over this case. The conflict manifested upon the discovery that one of Appellant's co-defendants was represented by the Office of the Public Defender of Lancaster County concurrent with Judge Spahn's tenure there as an Assistant Public Defender. Accordingly, following the filing of this opinion, Judge Spahn will recuse himself from any further involvement in this matter.

PCRA Court Opinion, 4/3/23, at 2 n.2 (cleaned up).

In this Court, Appellant filed a "Motion and Brief in Support of Appeal" that bears little resemblance to a brief of the appellant as described in Pa.R.A.P. 2111.[2] In his writing, Appellant asserts that his PCRA petition raised a claim pursuant to **Brady v. Maryland**[3] because the District Attorney's Office never turned over the file in question, that Judge Spahn "does not know what he is talking about" and cannot prove that Appellant received the requested file, that every judge in Lancaster County "has an inheritable interest in the

---

[2] The Commonwealth has elected not to file a brief in this appeal.

[3] **Brady v. Maryland**, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

outcome of this case" but "no other judge recused him/herself in the past," and that every decision made by the prosecution and every judge in this case is null and void. **See** Appellant's brief at 1-4 (cleaned up). Appellant then, without explanation, quotes **Commonwealth v. Small**, 238 A.3d 1267 (2020), our Supreme Court's decision that overruled the presumption that facts in the public record are knowable for purposes of the PCRA's newly-discovered facts timeliness exception. **See** Appellant's brief at 4-5. Appellant closes by requesting that we require the prosecution to provide him with the requested files and to "deny Judge Spahn's order, because he cannot make a ruling in this case where there is a conflict of interest, nor can any other judge within Lancaster County." **Id**. at 5.

It is well-settled that, "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA." **Commonwealth v. Powell**, 290 A.3d 751, 758 (Pa.Super. 2023) (cleaned up). Here, Appellant filed a "Motion for Post Conviction Collateral Relief" seeking the homicide file in this case and asserting, among other things, that his failure to raise the claim before was a result of government interference. **See** PCRA Petition, 2/20/23, at 3, 6-7. In this Court, he identifies the Commonwealth's failure to produce the file earlier as "a direct **Brady v. Maryland** violation." Appellant's brief at 1.

Our High Court has indicated that, "although substantive **Brady** claims may be cognizable under the PCRA, **Brady** does not govern the question of the scope of discovery under the PCRA." **Commonwealth v. Williams**, 86 A.3d 771, 788 (Pa. 2014). Instead, the "right to PCRA discovery is governed by [Pa.R.Crim.P. 902(E)] not by **Brady**." **Id**. at 789. Thus, whether Appellant sought to raise a substantive **Brady** claim or merely request discovery material to later raise a **Brady** claim, Appellant requested relief contemplated by the PCRA. Thus, his filing is properly characterized as a PCRA petition. **See Commonwealth v. Henderson**, 260 A.3d 104 (Pa.Super. 2021) (non-precedential decision) (treating the defendant's motion to compel production of documents in his case as a PCRA petition).

When Appellant filed his PCRA petition on February 10, 2023, his appeal of the denial of his 2021 PCRA petition remained pending. Indeed, the appeal of Appellant's 2021 PCRA petition was not disposed of until our Supreme Court denied allowance of appeal on March 28, 2023, which was after Appellant filed the instant appeal. **See Commonwealth v. Stewart**, 550 MAL 2022, 2023 WL 2660290 (Pa. Mar. 28, 2023). "Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal." **Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa.Super. 2019) (citing, *inter alia*, **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000); **Commonwealth v. Montgomery**, 181 A.3d 359, 364 (Pa.Super.

2018) (*en banc*)). Consequently, as a matter of law, the PCRA court lacked jurisdiction to address the substance of Appellant's February 10, 2023 petition. Instead, pursuant to **Lark**, the PCRA court was required to dismiss it outright without opining as to its merit or lack thereof. **See Beatty**, **supra** at 964.

Since dismissal was mandated by law and involved no exercise of the PCRA court's discretion, we conclude that Judge Spahn's after-discovered finding of a conflict of interest does not require us to vacate the dismissal and remand for its consideration by another judge. **Cf**. **Williams v. Pennsylvania**, 579 U.S. 1, 14 (2016) (holding disqualification was mandated where a jurist's personal involvement as prosecutor in an earlier critical stage of the case "gave rise to an unacceptable risk of actual bias"). Instead, we affirm the February 16, 2023 order to the extent that it dismissed Appellant's 2023 petition while his 2021 petition remained pending.[4]

Order affirmed.

_____

[4] To the extent that Judge Spahn opined as to Appellant's entitlement to the requested documents or his belief that Appellant already received them, he lacked jurisdiction to do so. Appellant may attempt to make the requisite averments to secure jurisdiction for the PCRA court rule on the merits of a new serial PCRA petition after this and any other PCRA appeals of his have been resolved, free from any preclusive effect of Judge Spahn's findings.

As we noted, this is the first time Judge Spahn rendered a decision in this case, and he has recused himself from any future proceedings. If Appellant believes that the next assigned judge "has an inheritable interest in the outcome of this case," Appellant's brief at 3 (cleaned up), he may file a recusal motion. We need not address his abstract, improperly raised allegations of the disqualification of the entire Lancaster County bench in this appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/13/2023