J-S40007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH TAYLOR | : | |
| | : | |
| Appellant | : | No. 1196 EDA 2023 |

Appeal from the PCRA Order Entered April 4, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001369-1997,
CP-15-CR-0003165-2001

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED DECEMBER 14, 2023**

Appellant Joseph Taylor appeals[1] *pro se* from the order dismissing his fifth Post Conviction Relief Act[2] (PCRA) petition as untimely.   Appellant challenges the legality of the first-degree murder sentence imposed at Docket No. 3165-2001.  We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that although Appellant failed to file separate notices of appeal at each docket number pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and its progeny, we nonetheless decline to quash Appellant's appeal or remand for the filing of corrected notices of appeal because the record reflects that the PCRA court advised Appellant that he could seek appellate review by filing "an appeal" within thirty days.  PCRA Ct. Order, 4/4/23; **see also Commonwealth v. Larkin**, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*); **Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019).

[2] 42 Pa.C.S. §§ 9541-9546.

On May 18, 1998, Appellant pled guilty to one count of attempted murder and conspiracy for the 1996 shooting of Ironne Cannon at Docket No. 1369-2007. That same day, the trial court sentenced Appellant to fifteen to thirty years' imprisonment.

On April 16, 2001, Mr. Cannon died from complications of the injuries he sustained in 1996. As a result, the Commonwealth charged Appellant with first-degree murder at Docket No. 3165-2001. Defendant's pretrial motion to dismiss based on double jeopardy was denied, and a jury subsequently convicted Appellant of first-degree murder, and the trial court sentenced Appellant to life imprisonment without the possibility of parole. This Court affirmed Appellant's judgment of sentence on January 14, 2005, and our Supreme Court subsequently denied Appellant's petition for allowance of appeal. *See Commonwealth v. Taylor*, 3707 EDA 2003 (Pa. Super. filed Jan. 14, 2005) (unpublished mem.), *appeal denied*, 889 A.2d 1216 (Pa. 2005). Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States.

On January 18, 2022, Appellant filed the instant *pro se* motion for *habeas corpus* relief challenging the legality of his first-degree murder sentence at Docket No. 3165-2001. On March 20, 2023, the PCRA court entered a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a timely response. On April 4, 2023, the PCRA court issued an order dismissing Appellant's petition.

Appellant filed a notice of appeal, which was docketed on May 5, 2023. The PCRA court issued a Pa.R.A.P. 1925(a) opinion reiterating the reasons for dismissing Appellant's PCRA petition as untimely.

Initially, we must address whether Appellant's notice of appeal was timely. As noted previously, the PCRA court docketed Appellant's notice of appeal on May 5, 2023, one day after the thirty-day appeal period expired. *See* Pa.R.A.P. 903(a) (mandating that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). On June 12, 2023, this Court issued a rule to show cause as to why the instant appeal should not be quashed as untimely. *See* Order, 6/12/23. Therein, this Court instructed Appellant to provide "documentation . . . such as a properly executed prisoner cash slip or other reasonably verifiable evidence that can be used to verify the date that the notice of appeal was delivered to prison authorities." *Id.* (some formatting altered).

Appellant filed a response to the order to show cause on June 26, 2023, alleging that because the PCRA court received his notice of appeal one day after the appeal period expired, Appellant's notice of appeal "had to have been placed in the institution mailbox" on or before May 4, 2023, pursuant to the prisoner mailbox rule. Appellant's Resp. to Rule to Show Cause, 6/26/23 (some formatting altered). On August 8, 2023, this Court entered an order discharging the rule to show cause and deferring the issue to the merits panel.

It is well settled that under the prisoner mailbox rule, a document is deemed filed on the day it is placed in the hands of prison authorities for

- 3 -

mailing. ***Commonwealth v. Powell***, 290 A.3d 751, 756 n.9 (Pa. Super. 2023); ***see also*** Pa.R.A.P. 121(f) (stating that "[a] *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence").

However, even in the absence of a "postmark definitively noting the date of mailing," this Court has considered an appeal timely when it was clear from the date of the PCRA court's receipt that the notice was sent before the thirty-day appeal deadline expired. ***See Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super. 2007) (concluding that the *pro se* appellant's notice of appeal was timely and explaining that although the "notice of appeal, on its face, appears to have been untimely filed three days beyond the final date of September 22, 2006 . . . . September 23rd and 24th were weekend days" and "in order for the trial court to have received the notice of appeal by September 25th, it is likely that [the a]ppellant mailed his notice of appeal on or before September 22nd").

Here, Appellant's notice of appeal is dated April 30, 2023, which was a Sunday. The PCRA court docketed Appellant's notice of appeal on Friday, May 5, 2023, one day after the thirty-day appeal period expired. In order for the PCRA court to have received the filing by May 5, 2023, it is likely that Appellant mailed his notice of appeal on or before May 4, 2023, which was the last day

to file a timely appeal. Therefore, we decline to quash Appellant's appeal as untimely. *See Patterson*, 931 A.2d at 714.

On appeal, Appellant raises the following issues for our review:

1. Whether a judgment can stand procured by fraud, due to the court lack of subject matter jurisdiction?

2. Whether a challenge to the legality of Appellant's confinement a claim that is the heart of *habeas corpus*?

3. Whether a *nunc pro tunc* review was appropriat[e] in this matter?

Appellant's Brief at IV (formatting altered).

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

At the outset, we note that Appellant refers to his filing as a motion for *habeas corpus* relief. Our Supreme Court has held that the PCRA subsumes the writ of *habeas corpus* where a remedy is available under the PCRA. *See Commonwealth v. Fahy*, 737 A.2d 214, 223-24 (Pa. 1999); *see also* 42 Pa.C.S. § 9542 (stating that a PCRA petition "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*").

A challenge to the "legality of sentence is always subject to review within the PCRA," however, a PCRA petitioner "must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Fahy*, 737 A.2d at 223 (citation

omitted); **see also** 42 Pa.C.S. § 9543(a)(2)(vii).  Therefore, we conclude that the PCRA court properly construed Appellant's motion for *habeas corpus* relief as a subsequent PCRA petition.

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Brown**, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted).  A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions.  42 Pa.C.S. § 9545(b)(1).  A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

Here, this Court affirmed Appellant's judgment of sentence at Docket No. 3165-2001 in January of 2005, and our Supreme Court denied his petition for review on November 30, 2005. Appellant did not file a petition for writ of *certiorari* with the Supreme Court of the United States. Therefore, Appellant's judgment of sentence became final on February 28, 2006. *See* 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S. Sup. Ct. R. 13. Accordingly, Appellant had until February 28, 2007 to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1).

Appellant's instant PCRA petition, filed on January 18, 2022, is therefore facially untimely. Further, as noted previously, Appellant did not argue an exception to the PCRA time bar in his *pro se* motion for *habeas corpus* relief. *Cf. Albrecht*, 994 A.2d at 1094. Because Appellant's petition is facially untimely and Appellant neither pled nor proved a timeliness exception under the PCRA, he has failed to meet the jurisdictional threshold for a court to consider the merits of his claim. *See Fahy*, 737 A.2d at 223; *see also*

***Brown***, 111 A.3d at 175. Therefore, the PCRA court correctly concluded that it did not have jurisdiction to review the merits of Appellant's petition. For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/14/2023