J-S23041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
GREGORIO WILLIAM JEWELLS :
:
Appellant : No. 2712 EDA 2023

Appeal from the Order Entered September 1, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006425-2011

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED DECEMBER 16, 2024**

Appellant, Gregorio Jewells, appeals from the dismissal without a

hearing of a petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.

§ 9541 *et seq.* ("PCRA"). The petition was untimely. Therefore, neither we nor

the PCRA court have jurisdiction to review the merits of any claim raised by

Appellant. We affirm the lower court order dismissing the petition.

On April 10, 2012, Appellant entered a negotiated guilty plea before the

Honorable Steven T. O'Neill. He admitted he participated in a burglary with

two other persons on August 23, 2011, at a car dealership.[1] N.T. 4/10/12, 8.

Appellant explicitly agreed he understood that by pleading guilty he would be

violating his parole in two other cases. *Id*., 6-7. In accordance with the plea

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3502(a).

agreement, the court imposed a term of two to four years' incarceration on the burglary conviction and granted credit for time served from August 23, 2011, through April 10, 2012. ***Id***., 11. Appellant "did not file a timely post-sentence motion or a direct appeal making his judgment of sentence final on or about May 10, 2012." Trial Court Opinion, 2.

The trial court accurately summarized the subsequent procedural history:

> On January 3, 2022, [Appellant] filed a *pro se* Motion for Post-Conviction Collateral Relief ("PCRA Motion"), in which he alleged the imposition of a sentence greater than the lawful maximum. He claimed as the basis of the motion that he is still serving the sentence imposed in 2012.

> This court appointed PCRA counsel who eventually produced a "no merit" letter dated March 17, 2022, concluding [Appellant] was not eligible for post-conviction relief because his petition was untimely and because he no longer was serving the 2 to 4 year sentence imposed in this case in 2012. ***See*** Exhibit "A" to Notice of Intent to Dismiss, 3/24/22, at 23-24, 26; ***see also*** 42 Pa.C.S. § 9543(a)(1)(i) (stating that post-conviction eligibility requires, *inter alia*, that the petitioner be "currently serving a sentence of imprisonment, probation or parole for the crime").

> This court issued notice to [Appellant] on March 24, 2022, of its intent to dismiss his PCRA Motion on the basis of § 9543(a)(1)(i), and gave him 20 days in which to respond. Having received no response to the notice within the time prescribed, this court dismissed the PCRA Motion on June 3, 2022.

> More than a year later, [Appellant] filed on August 7, 2023, a document entitled "In Pursuance of New Appoint[ment] of Counsel Due to Commonwealth v. Finley Letter from Counsel." This court interpreted the filing as a belated response to the notice of intent to dismiss issued on March 24, 2022, and, therefore, dismissed it on September 1, 2023, as moot in light of the court previously having dismissed the PCRA Motion on June 3, 2022. [Appellant] has appealed.

Trial Court Opinion, 2-3.

Appellant filed a "Second Notice" of appeal, *pro se*, dated October 9, 2023, postmarked October 13, 2023, and stamped as received on October 17, 2023, by the Montgomery County Clerk of Courts. Appellant's Appeal: Second Notice; Trial Court Record, 264, 268. In the body of the document, Appellant stated that he filed an appeal on August 7, 2023, "based on the inaccuracies of appellant's time served / and his concurrent back time running from 1988 to the present." Appellant's Appeal: Second Notice; Trial Court Record, 265. The implied first notice of appeal is not contained within the certified record on appeal.

In his *pro se* brief, Appellant describes the question presented for review as follows:

> Was twenty months of Jewells back time illegally misconstrued due to his approximately (20) Months of home confinement not credited from February 8, 2016 to September 3, 2017: On February 8, 2016 Appellant was on a retainer sentence from February 8, 2016 to February 3, 2023 = (7) years (5) Days, of back time = 2,552 Days = ( 6) years 11 Months 26 Days) leaving him with onther [sic] (6 years 11 Months 26 Days ) to due for violations under supervised Parole provisions, making his back time Calculations of a total of (7) years 10 Months (26) Days totaling (13) years 10 Months for a non violent crime violation committed on August 26 2019 in Cumberland County.

Appellant's Brief, 2

We must first turn to whether the *pro se* Notice of Appeal was timely filed, as it affects whether we have jurisdiction over this appeal. ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014). The trial

court notes that the *pro se* Notice, "[e]ven giving [Appellant] the benefit of the October 7, 2023, date typed on the first page of the appeal," was not filed within 30 days of the court's September 1, 2023, order dismissing as moot his August 23, 2023, request for appointment of new counsel. Trial Court Opinion, 3. Needless to say, the *pro se* notice was even further out of time from the June 3, 2022 dismissal of the PCRA petition. The Commonwealth asks us to quash this appeal as untimely filed. Appellee's Brief, 5.

The PCRA court orders dismissing the PCRA petition and the request for appointment of new counsel note on their face that they were served on Appellant, *pro se.* **See** Order, 6/3/22; Order, 9/1/23; Trial Court Record, 250, 263. However, a review of the docket in the appellate record discloses that these orders were served on guilty plea counsel, and neither of the orders was documented to have been served on either PCRA counsel or Appellant. **See** Trial Court Record, 284.

"The time for the filing of a notice of appeal runs from the order's 'entry' … [which] occurs for present purposes on the day the clerk of the trial court mails or delivers copies of the order to the parties[.]" **Commonwealth v. Midgley**, 289 A.3d 1111, 1116 (Pa. Super. 2023) (internal citations omitted). Service of the order, however, must comply with Rule 114 which, among other things, mandates that the relevant docket entries include the "the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2)(c). "Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings."

- 4 -

*Midgley*, 289 A.3d at 1117. Instead, "when there is a docketing failure or lack of notice, this Court will excuse an untimely appeal." *Commonwealth v. Powell*, 290 A.3d 751, 757 n.12 (Pa. Super. 2023).

Having determined that the appeal is properly before us, we must now discern what Appellant is appealing from, whether the dismissal of his PCRA petition or the dismissal of his request for the appointment of counsel or something else entirely. Unfortunately, Appellant's brief is of little use to us in this quest.[2] Notably, it discusses the calculation of "back time" for multiple violations of parole. To be clear, the illegal sentence Appellant asserts keeps him incarcerated is not the two to four year term imposed on his burglary conviction in Montgomery County.

The October 2023 *pro se* Notice of Appeal includes, on its face, the docket number associated with the Montgomery County guilty plea, PCRA petition and request for appointment of new counsel. Notably, the Notice refers to Appellant's right to an appeal pursuant to "Rule 907," which in context could only be Rule of Criminal Procedure 907 which governs the dismissal of a PCRA petition without a hearing, as happened here when the

---

[2] We agree with the Commonwealth's description of Appellant's brief:

> [Appellant's] brief does not offer any argument about any error by the lower court. Indeed, he does not refer [to the] lower court's opinion at all. Instead, his brief exclusively argues that the board of parole and probation miscalculated his sentence.

Appellee's Brief, 6.

PCRA court dismissed Appellant's petition on June 3, 2022. **See** Notice of Appeal, 2; Trial Court Record, 265. Conversely, the Notice asserts Appellant has a right to challenge an illegal sentence and to have counsel appointed. **Id**. It also specifies that Appellant is appealing "his concurrent back time sentencing." **Id**. We conclude that Appellant appealed from the dismissal of his PCRA petition with the intent of raising a challenge to the legality of his sentence based on the calculation of his back time with respect to multiple violations of parole from sentences imposed in counties other than Montgomery County and in proceedings entirely distinct from the burglary conviction and sentence imposed under the applicable docket number in Montgomery County.

We need not address whether it is permissible for Appellant to challenge the computation of back time by the Board of Parole and Probation in multiple parole violations from multiple convictions in different counties in an appeal from the dismissal of a PCRA petition filed with respect to a single conviction in Montgomery County.[3] We do not have jurisdiction to entertain or consider the merits of this appeal.

---

[3] We note that the lower court did not have jurisdiction over decisions of the Pennsylvania Parole Board. **Commonwealth v. Camps**, 772 A.2d 70, 74 (Pa. Super. 2001). Moreover, "the Commonwealth Court maintains exclusive jurisdiction over appeals from administrative parole orders; as such, a PCRA petition is not the proper avenue for challenging the determination of the Parole Board." **Id**. at 74–75.

The timeliness of a PCRA petition is a threshold jurisdictional matter that must be addressed. ***Commonwealth v. Gandy****,* 38 A.3d 899, 902 (Pa. Super. 2012). The timeliness restrictions of the PCRA "are jurisdictional in nature and are to be strictly construed." ***Commonwealth v. Stokes****,* 959 A.2d 306, 309 (Pa. 2008). Whether a petition is timely raises a question of law. ***See Commonwealth v. Fahy****,* 959 A.2d 312, 316 (Pa. 2008). Our standard of review for a question of law is *de novo* and our scope of review plenary. ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013). An untimely petition renders this Court without jurisdiction to afford relief. ***Taylor***, 65 A.3d at 468; ***Gandy****,* 38 A.3d at 903.

Since 1996, any petition for relief under the PCRA, including a first petition, "shall be filed within one year of the date on which the judgment of sentence becomes final." 42 Pa.C.S. § 9545(b)(1). Appellant's judgment of sentence became final on May 10, 2012, when the time to file an appeal from the judgment of sentence entered in connection with his guilty plea had expired. Thus, Appellant's petition, filed on January 3, 2022, was untimely by almost a decade.

For review of the merits of any claim, Appellant had to plead and prove the applicability of one of the three exceptions to the PCRA timeliness requirements in the petition. ***See*** 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Perrin****,* 947 A.2d 1284, 1286 (Pa. Super. 2008); ***Commonwealth v. Geer***, 936 A.2d 1075, 1078–1079 (Pa. Super. 2007). Where "the petition is untimely and the petitioner has not pled and proven an exception, the petition must be

dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Woods**, 179 A.3d 37, 42 (Pa. Super. 2017); **Taylor**, 65 A.3d at 468; **Perrin**, 947 A.2d at 1285.

In his petition, Appellant asserted he was subject to an illegal sentence because he was serving more than the maximum on the sentence imposed. **See** Appellant's Petition, 1/3/22, 4; Trial Court Record, 152. He alleged that being incarcerated was contrary to his constitutional rights and due process. **Id.** He provided no explanation for why any of the exceptions might apply.

By checking a box on the form, Appellant asserted that his claim was reviewable under the exception for governmental interference. Appellant's Petition, 1/3/22, 3; Trial Court Record, 151. That statutory exception requires a petitioner to plead and prove that "the failure to raise the claim previously was the result of interference by government officials." 42 Pa.C.S. § 9545(b)(1)(i). Appellant did not assert any fact that might be considered governmental interference in his ability to timely raise the claim.

Appellant, also alleged in his petition that his claim was reviewable under the exception for newly-discovered facts, which requires a petitioner to demonstrate that the facts upon which his claim is predicated were previously unknown and he could not have learned those facts sooner by the exercise of due diligence. **Commonwealth v. Bennet**, 930 A.2d 1264, 1271 (Pa. 2007); **Commonwealth v. Lambert**, 884 A.2d 848, 852 (Pa. 2005). Due diligence demands that the petitioner take reasonable steps to protect his own

interests. ***Commonwealth v. Carr***, 768 A.2d 1164, 1168 (Pa. Super. 2001). ***See also Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001).

In this section of his petition, Appellant cited the federal statute for a writ of habeas corpus for a state prisoner. Appellant's Petition, 1/3/22, 3; Trial Court Record, 151. The existence of the statute is not a new fact (or law). He provided no additional explanation but asserted in the factual section of his petition that he did not know that his Montgomery County sentence "had been running many years now." Appellant's Petition, 1/3/22, 4 ¶12; Trial Court Record, 154. Plainly this is a fact that, if true, could have been discovered at any point in time with due diligence.[4]

---

[4] We note, PCRA counsel determined that the allegation was not true. "You are not serving a sentence on this case despite your allegations. Your attachments to your PCRA are not up to date documents. I am not sure if this is purposeful or by misunderstanding but either scenario does not change my opinion or the case." PCRA Counsel's No-Merit Letter, 24; Trial Court Record, 201. After noting multiple discrepancies in the documents attached to the petition, counsel continued:

> you are currently sitting on detainers from: Bucks County, Chester County, Cumberland County and York County. … In an abundance of caution, I pulled the 6th version of your Summary Status attached as Exhibit "G" given that it is referenced in Exhibit "F" which notates this case and the Chester County Consecutive sentence handed down by Judge Phyllis R. Steitel and your RRRI decertification. We secondarily checked with the records office at your correctional facility to confirm accuracy. Since you interact with them continually, they were familiar with your case. Their office indicated that you are not serving time on file 6425-2011. You are not eligible for relief and the PCRA Act does not provide other relief for you under this scenario.

> ***Id***.

- 9 -

Appellant also checked the box asserting that his petition was made timely by a new constitutional right recognized by the Pennsylvania or United states Supreme Court and held to apply retroactively. Appellant's Petition, 1/3/22, 3; Trial Court Record, 151. Appellant does not specify the new right or name the case in which it was recognized or held to be retroactive. After dutiful research, we find no such newly recognized right applicable. Appellant's complaint that the Department of Corrections miscalculated his back time in connection with multiple parole revocations does not come within the *Apprendi v. New Jersey*, 530 U.S. 466 (2000), line of cases, which have been held to apply retroactively.

Furthermore, Appellant's allegation that he is serving an illegal sentence only evades waiver. It does not on its own give this Court jurisdiction to consider the merits of his claim. "[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition." *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005) (*en banc*).

Thus, we agree with PCRA counsel, the petition was untimely and no statutory exception applied:

> Again your Petition is untimely and the facts do not support your conclusions. … You had one year from when you could have appealed your case to file for relief under the PCRA Act. Your December 2021 filing is not within that time frame. This is a fatal flaw and your attempts to rehabilitate the tardiness of your filing fails because this is not after discovered evidence nor can I find any other exception to the filing deadline.

PCRA Counsel's No-Merit Letter, 23; Trial Court Record, 200. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/16/2024