**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH CAMPINELLI | : | |
| | : | |
| Appellant | : | No. 173 WDA 2024 |

Appeal from the Order Entered January 10, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001697-2016,
CP-02-CR-0001698-2016, CP-02-CR-0005549-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH N. CAMPINELLI | : | |
| | : | |
| Appellant | : | No. 1012 WDA 2024 |

Appeal from the Order Entered January 10, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005549-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH CAMPINELLI | : | |
| | : | |
| Appellant | : | No. 1013 WDA 2024 |

Appeal from the Order Entered January 10, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0001698-2016

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: January 15, 2025**

Joseph Campinelli appeals *pro se* from the order that dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

By way of background, Appellant was convicted of a bevy of sexual offenses for the abuse he inflicted on three minors, the details of which are not pertinent to our analysis.  The court imposed an aggregate term of twenty-seven to fifty-four years of incarceration and deemed him a sexually violent predator ("SVP").  Appellant filed a post-sentence motion challenging the discretionary aspects of his sentence, which the trial court denied.  On appeal, this Court vacated and remanded with respect to his SVP designation but affirmed the judgment of sentence in all other respects.  ***See Commonwealth v. Campinelli***, 183 A.3d 1067, 2018 WL 461515 (Pa.Super. 2018) (unpublished memorandum).  On March 8, 2018, the court re-sentenced Appellant to the same term of incarceration, but did not deem him an SVP.

Appellant's judgment of sentence thus became final on April 9, 2018, as he did not file a post-sentence motion or direct appeal after his re-sentencing.  ***See*** Pa.R.A.P. 903 ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken.").  Appellant filed PCRA petitions in 2018 and 2020, neither of which garnered him relief.  On

December 28, 2023, he filed the instant *pro se* filing styled as an "Application to File *Nunc Pro Tunc* Petition to Merge Sentences," alleging that his sentence is illegal because his convictions should have merged for sentencing purposes. **See** Application, 12/23/24, at unnumbered 2.

The court issued an order dismissing Appellant's application, which he appealed and thereafter filed a court-ordered Pa.R.A.P. 1925(b) statement. In the court's responsive Rule 1925(a) opinion, it stated that it was treating Appellant's filing as a PCRA petition and concluded that it lacked jurisdiction to consider the merits of it because it was time-barred.[1] **See** PCRA Court Opinion, 5/14/24, at 4-5.

We begin our review by noting that Appellant's brief does not comply with several aspects of Pa.R.A.P. 2111(a), governing the components of briefs for appellants, including the requirement to articulate a statement of the questions involved. Nonetheless, from his Rule 1925(b) statement and the arguments presented in his brief, we discern that Appellant challenges the

---

[1] Despite treating Appellant's filing as a PCRA petition, the court did not issue a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. However, "[a] PCRA court's failure to comply with the dictates of Rule 907(1) before dismissing a petition is not automatically reversible error." **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa.Super. 2013). Where it is clear from the record that the PCRA petition is untimely on its face, "failure to issue Rule 907 notice is not reversible error[.]" **Commonwealth v. Pridgen**, 305 A.3d 97, 102 (Pa.Super. 2023). As will be explained *infra*, Appellant's petition was facially untimely and did not meet any exception. Thus, the court's failure to issue a Rule 907 notice does not constitute reversible error in this instance.

legality of his sentence since the court did not "merge" his convictions for sentencing purposes. *See* Pa.R.A.P. 1925(b) statement, 4/17/24, at unnumbered 2; Appellant's brief at unnumbered 1-2.

The following governs our consideration of Appellant's claim. This Court reviews the denial of a PCRA petition "to determine whether the record supports the PCRA's court's findings and whether its order is free of legal error." *Commonwealth v. Min*, 320 A.3d 727, 730 (Pa.Super. 2024). Further, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is axiomatic that where a PCRA petition "is untimely and the petitioner has not pled or proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition. This is true even where, as here, the appellant challenges the legality of his sentence." *Commonwealth v. Pew*, 189 A.3d 486, 488-89 (Pa.Super. 2018) (citations omitted). With respect to timeliness, the PCRA provides:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Appellant argues that the trial court imposed an illegal sentence in that his "separate charges" should have merged for sentencing purposes. Appellant's brief at unnumbered 2. He also avers that his sentence was "unduly harsh or excessive" because the sentencing judge did not consider that he was seventy-seven years of age at the time of sentencing and has suffered from three heart attacks. *Id*. at 4 (unnecessary dashes omitted). Additionally, Appellant contends that he was convicted based on inaccurate information deduced from the victims' testimony. *Id*. at 6-7.

The trial court properly treated Appellant's filing as a PCRA petition since he sought relief cognizable under the PCRA. *See Commonwealth v. Powell*, 290 A.3d 751, 758 (Pa.Super. 2023) (stating that "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA[,]" including illegal sentencing claims (cleaned up)). Appellant's sentence became final on April 9, 2018. Accordingly, his petition is untimely on its face. On appeal, Appellant does not dispute the applicability of the

- 5 -

PCRA framework to his sentencing claim, and nothing in his filings in the PCRA court or this Court suggests that he could not have raised his merger challenge in a timely petition. Thus, we have no cause to disturb the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 01/15/2025