J-S41031-22

2023 PA Super 26

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOWARD OMAR POWELL | : | No. 699 MDA 2022 |
| | : | |
| Appellant | : | |
| | : | |
| | : | |

Appeal from the Order Entered March 9, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-1079-2000

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED FEBRUARY 17, 2023**

Appellant, Howard Omar Powell, appeals from the order entered in the Court of Common Pleas of Schuylkill County that dismissed as meritless his "Writ of *Praecipe* for Petition for Writ of *Habeas Corpus*", in which he asserted he has served more than 20 years' incarceration on an illegal 20 to 40-year sentence imposed on his conviction of a Criminal Attempt Murder-Serious Bodily Injury[1] charge that was neither included in the Criminal Information filed against him nor submitted to the jury.  For reasons that follow, we affirm the order denying relief, albeit on different grounds than set forth below, as

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 901(a).

we treat Appellant's petition as an untimely serial Post Conviction Relief Act ("PCRA")[2] petition.[3]

In 2001, a jury convicted Appellant of Attempted First-Degree Murder; Aggravated Assault, Infliction of Serious Bodily Injury by use of a deadly weapon (firearm); Robbery, Infliction of Serious Bodily Injury; Conspiracy to commit robbery; and related charges.[4] These charges arose from Appellant's robbery of a gas station attendant, Nirmal Singh, in the late-night hours of March 7, 2000, during which Appellant twice shot Singh with a .38 handgun. On May 23, 2001, Appellant received an aggregate sentence of 27 to 54 years' incarceration, which comprised, *inter alia*, a sentence of not less than 20 years and no more than 40 years on his conviction for Attempted First Degree Murder by application of 18 Pa.C.S. § 1102(c). [5]

_____

[2] 42 Pa.C.S.A §§ 9541-9546.

[3] Appellant unilaterally re-captioned his appeal to this Court as, "Howard Powell v. George Miller, Schuylkill County Court of Common Pleas, Judge Jacqueline L. Russell and Schuylkill County District Attorney's Office", even though the lower court had changed the caption to "Commonwealth v. Howard Omar Powell" and placed the matter on its criminal docket. Because we conclude, *infra*, that Appellant's petition is properly analyzed as one subject to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546 and its timeliness provisions, we have changed the caption to reflect this status.

[4] 18 Pa.C.S. §§ 901/2502(a), 2702, 3701 and 903/3701, respectively.

[5] Section 1102(c) of the Crimes Code provides, "a person who has been convicted of attempt ... to commit murder ... where serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at no more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall
*(Footnote Continued Next Page)*

In the ensuing 20 years, Powell has filed a direct appeal and seven petitions under the PCRA at least one of which Appellant had originally entitled a "Petition for Writ of *Habeas Corpus*" until this Court construed it as a PCRA petition raising a challenge implicating the legality of his sentence.[6]  Each time, our courts have determined the appeals were without merit.  The instant *habeas corpus* petition at issue, if it were cognizable under the PCRA, would represent his eighth PCRA petition.

On January 25, 2021, Appellant filed the instant *pro se* "Writ of *Praecipe* for Petition for Writ of *Habeas Corpus*" in which he argued that his substantive due process rights to be free from deprivation of liberty without due process under Article I, Section 9 of the Pennsylvania Constitution were violated when the sentencing court imposed a 20 to 40-year sentence for Attempted Murder with Serious Bodily Injury pursuant to Section 1102(c).  **See** Petition, at 6.[7]

_____

be fixed by the court at not more than 20 years."  18 Pa.C.S.A. § 1102(c).

[6] Notably, in Appellant's sixth PCRA petition he claimed his sentence was illegal because, *inter alia*, he was not charged with attempted murder under 18 Pa.C.S. § 1102(a) (applying a 20 to 40-year sentence upon proof beyond a reasonable doubt that the defendant caused serious bodily injury) and that the mandatory minimum aspect of his sentence was, therefore, void pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013).  **See Commonwealth v. Powell**, 1374 MDA 2014, 2015 WL 7299805 (Pa. Super. filed April 10, 2015).  As noted *infra*, we did not address this claim on the merits because it was raised in an untimely PCRA appeal.

[7] We note the following regarding relief under *habeas corpus:*

> When a petitioner is in custody by virtue of a judgment of sentence
> of a court of competent jurisdiction, the writ generally will not

*(Footnote Continued Next Page)*

In the same petition, Appellant also asserted that the jury was never asked to determine whether serious bodily injury occurred in conjunction with the attempted murder and that the Criminal Information "did not allege that [he] caused serious bodily injury to [the victim] in connection with the attempted murder charge." *See* Petition at 6-7.

Although the lower court deduced that Appellant sought a Writ of *Habeas Corpus* primarily to circumvent the timeliness requirements of the PCRA, it concluded, nevertheless, that one of Appellant's claims resided outside the ambit of the PCRA, namely, his claim that he was serving a 20 to 40-year sentence for the crime of Criminal Attempt of Murder with Serious Bodily

_____

lie. ***Commonwealth ex rel. Wilson v. Keeper of the Jail of Philadelphia County****,* 26 Pa. 279, 280 (1856). The rationale for this limitation is the presumption of regularity which follows the judgment. ***Commonwealth ex rel. Spencer v. Ashe****,* 364 Pa. 442, 71 A.2d 799 (1950); ***see Commonwealth ex rel. DeSimone v. Cavell****,* 185 Pa.Super. 131, 138 A.2d 688 (1958). The writ, as stated above, is an extraordinary remedy and, therefore, a judgment rendered in the ordinary course is beyond the reach of *habeas corpus.* **That conviction cannot be put aside lightly, and it becomes stronger the longer the judgment stands. *Commonwealth ex rel. Hoch v. Banmiller****,* 186 Pa.Super. 57, 140 A.2d 625 (1958). **Consequently, *habeas corpus* generally is not available to review a conviction which has been affirmed on appeal. *Commonwealth ex rel. Dugan v. Day****,* 180 Pa.Super. 643, 122 A.2d 90 (1956).

***Joseph v. Glunt***, 96 A.3d 365, 372 (Pa. Super. 2014) (quoting ***Commonwealth v. Wolfe***, 605 A.2d 1271, 1272–73 (1992)) (emphasis added).

Injury despite the fact that the Criminal Information did not specify serious bodily injury as an element of the charge. Ultimately, however, the lower court rejected Appellant's *habeas* claim on the merits and entered its February 1, 2022, order denying Appellant's *pro se* Petition for Writ of *Habeas Corpus*. Appellant filed a *pro se* motion for reconsideration on February 13, 2022, but the lower court denied his motion by its order of March 9, 2022.

On April 27, 2022, Appellant filed a *pro se* notice of appeal. Upon docketing statement review, this Court issued to Appellant a show-cause order on June 9, 2022, requesting a response explaining why his ostensibly untimely appeal should not be quashed given that the presumptively appealable order was the February 1, 2022, order denying his petition for writ of *habeas corpus*. **See Gardner v. Consolidated Rail Corp.**, 100 A.3d 280, 283 (Pa. Super. 2014) (citation omitted) (The mere filing of "a motion for reconsideration, unless expressly granted within the thirty-day appeal period, does not toll the time period for taking an appeal from a final, appealable order."). Appellant filed a response on June 27, 2022, in which he asserted that the lower court's February 1, 2022, order did not inform him of his appeal rights and that if he had been properly informed, he would have filed a notice of appeal rather than his February 13, 2022, motion for reconsideration.

For its part, the lower court has filed its July 27, 2022, "Statement in Lieu of Opinion" asserting that Appellant's patent failure to file a timely appeal warrants dismissal of the present matter. While the trial court acknowledges "that the failure to file a timely appeal 'as a result of a breakdown in the court

system' is an exception to the 30-day time requirement set forth in Pa.R.A.P. 903(a),[8] *see Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019) (citing *Commonwealth v. Braykovich*, 664 A.2d 133, 136-38 (Pa. Super. 1995))[,]" it opines that "no such exception exists in this case." Trial Court Opinion, 7/27/22, at 1-2.

Our independent review of the record reveals that Appellant's *pro se* notice of appeal was received by this Court's Prothonotary's Office on April 27, 2022, 76 days after the trial court's February 1, 2022, Order denying his Petition for Writ of *Habeas Corpus* relief and 48 days after the lower court's March 9, 2022, Order denying Appellant's February 13, 2022, *pro se* "Petition for Re-Argument of *Habeas Corpus*" (which the court treated as Appellant's Motion for Reconsideration). Notably, the record indicates that Appellant received copies of the respective court orders in this regard. *See* Pa.R.A.P. 108(a)(1) (appeal period begins to run on the date the clerk of courts "mails or delivers copies of the order to the parties").

---

[8] Pennsylvania Rule of Appellate Procedure 903(a) provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act," and "[a]bsent extraordinary circumstances, an appellate court lacks the power to extend the time provided ... for taking an appeal." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). Accordingly, one's failure to appeal timely from an order "generally divests the appellate court of its jurisdiction to hear the appeal." *Id*.

Therefore, even if we were to assume that Appellant filed his notice of appeal with prison authorities on April 20, 2022, which is the hand-written date that appears on his *pro se* notice of appeal,[9] and that the 30-day appeal clock commenced only after the lower court had expressly accepted Appellant's *pro se* motion for reconsideration/re-argument and thereafter denied it by the court's March 9, 2022,[10] Appellant's notice of appeal still would have been untimely filed 42 days after the March 9, 2022, order. Moreover, during this Court's correspondence with Appellant regarding the ostensible untimeliness of his appeal, Appellant made no allegation that his receipt of the lower court's March 9, 2022, order dismissing his petition for reconsideration/reargument was unduly delayed such that it denied him a fair opportunity to file a timely notice of appeal to this Court. ***See Jones***, 700

---

[9] "[F]or prisoners proceeding *pro se,* a notice is deemed filed as of the date it is deposited in the prison mail system. This is known as the 'prisoner mailbox rule.' "***Commonwealth v. Cooper****,* 710 A.2d 76, 78 (Pa. Super. 1998) (citing ***Commonwealth v. Jones****,* 700 A.2d 423, 426 (Pa. 1997)) (internal citations omitted). "Whether [an] appellant actually deposited the notice in the prison mail system by [the date in question] is a factual question. Our Supreme Court has provided a non-exhaustive list of the types of evidence a *pro se* prisoner may present to prove that he mailed a notice of appeal within the deadline. Our Supreme Court has also clearly stated that "we are inclined to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." ***Id****.* In this vein, we may regard a self-dated notice of appeal as "plausible" evidence of mailing under ***Cooper***, particularly where the opposing party does not contest such a date.

[10] The docket sheet indicates that a copy of the lower court's order denying Appellant's Motion for Reconsideration was mailed to Appellant on March 9, 2022.

A.2d at 426 (observing that appellants bear the burden to prove the timeliness of their appeals).

To the extent Appellant was seeking the civil remedy of *habeas corpus* relief, therefore, we would conclude his failure to file a timely notice of appeal deprives this Court of jurisdiction to review his appeal. **See** Pa.R.A.P. 105(b) (stating that while an appellate court may enlarge the time where justice may so require, "the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission of appeal, or a petition for review.").

If Appellant's *habeas corpus* petition, instead, were construed properly as one raising issues predicated upon legality of sentencing claims cognizable under the PCRA, and understanding, further, that Appellant never received the equivalent of Pa.R.Crim.P. 907 notice of either the court's intention to

dismiss or of his 30-day appeal time-limit,[11, 12] we still would conclude that

neither the lower court nor this Court has jurisdiction to consider Appellant's

_____

[11] We understand, of course, that the lower court did not provide Rule 907 notice because it construed Appellant's petition as a *habeas* petition.  As noted *supra*, Appellant maintains that he would have filed a timely notice of appeal rather than his motion for reconsideration—which he filed 12 days after the trial court's order denying his requested relief—if the trial court had supplied him with notice that he had 30 days from the denial of his petition for writ of *habeas* corpus in which to file a notice of appeal.  On this point, we observe that in the context of the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.  §§ 9541-9546, Pennsylvania Rule of Criminal Procedure 907(4) provides that when a PCRA petition is dismissed without a hearing,

> the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.  The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4).

[12] This Court has held:

> Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal.  "An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal."  Pa.R.Crim.P. 910.  A final order is one that ends the litigation or disposes of the entire case. An appellant has a period of thirty days after the entry of an order during which an appeal on that order can be taken.  ***Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa. Super. 2000); Pa.R.A.P. 903(a).

***Commonwealth v. Liebensperger***, 904 A.2d 40, 43 (Pa. Super. 2006) (some quotation marks and quotations omitted).

The appeal period does not begin to run until the date the Clerk of Courts notes the date of service on the docket.  ***See*** Pa.R.Crim.P. 114(c)(2)(c) (docket entries "shall contain" the "date of service of the order"); Pa.R.Crim.P. 907(4) (indicating that an order dismissing a petition without a
*(Footnote Continued Next Page)*

petition, because Appellant has presented his claim more than one year after his judgment of sentence became final, and he failed, otherwise, to invoke any exception to the statutory time-bar at Section 9541(a)(1)(i-iii).

It is well-established that the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief. **Commonwealth v. Wharton**, 584 Pa. 576, 886 A.2d 1120, 1124 (2005); **see also Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (holding, courts do not have jurisdiction over an untimely PCRA petition). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S.A. § 9545(b). **Id**.

Furthermore,

---

hearing "shall advise the defendant...of the time limits within which the appeal must be filed."); Pa.R.A.P. 108(a)(1), (d)(1) (the appeal period only begins running on the date the Clerk "mails or delivers copies of the order to the parties").

Accordingly, when there is a docketing failure **or lack of notice**, this Court will excuse an untimely appeal. **See Jerman**, **supra** (finding a breakdown in the PCRA court and deeming the PCRA petitioner's appeal timely where Clerk failed to notify the petitioner of the order denying collateral relief); **Braykovich**, **supra** (discussing cases and holding failure of Clerk of Courts to advise the defendant that his post-sentence motion had been denied by operation of law excused late-filed appeal).

"the PCRA is intended to be the sole means of achieving post-conviction [collateral] relief." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013).

If an issue is cognizable under the PCRA, the issue must be raised in a timely PCRA petition and cannot be raised in a petition for writ of *habeas corpus*. **Id.** at 465-466 (stating that, "[u]nless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the *writ* of *habeas corpus*" (citation omitted)). In other words, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a *writ* of *habeas corpus*." **Id.** at 466. Moreover, regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007); **see also Commonwealth v. Torres**, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition" (citation omitted)); **Commonwealth v. Hromek**, 232 A.3d 881, 884 (Pa. Super. 2020) (affirming the **Wrecks**' holding that regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final and seeks relief provided under the PCRA). This Court in **Taylor**, *supra*, held that a petition challenging the legality of sentence on the grounds the sentence exceeded the statutory limit was "undoubtedly cognizable under the PCRA" and, therefore, any such petition regardless of its title was to be treated as a PCRA petition. **Taylor**, 65 A.3d at 467; **see also** 42 Pa.C.S.A. § 9543(a)(2)(vii) (stating that, to be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the sentence resulted from the "imposition of a sentence greater than the lawful maximum").

**Commonwealth v. Fantauzzi**, 275 A.3d 986, 994–95 (Pa. Super. 2022).

Appellant's petition asserted that his current imprisonment has extended unconstitutionally beyond 20 years. Specifically, he maintained that the 20 to 40-year sentence he currently serves is based on his conviction of a charge that was not included in the criminal information filed against him.

This Court has previously viewed such a claim as implicating the legality of one's sentence.

In **Commonwealth v. Barnes**, 167 A.3d 110, 117 (Pa. Super. 2017) (*en banc*), this Court held that the imposition of a Section 1102(c) 40–year maximum sentence was illegal where the Commonwealth did not charge Barnes with attempted murder resulting in serious bodily injury, Barnes "was not on notice that the Commonwealth sought to prove that a serious bodily injury resulted from attempted murder or to invoke the greater maximum sentence," and "most importantly for purposes of **Apprendi** [**v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348 (2000)], the jury was never presented with, nor rendered a decision on, the question of whether a serious bodily injury resulted from the attempted murder." 167 A.3d at 118–19.

Because Appellant's present claim, therefore, is predicated upon a legality of sentencing claim cognizable under the PCRA, Appellant was required either to raise it with the lower court within one year after his judgment of sentence became final or to establish how it qualifies for an exception from the PCRA time-bar. **See Commonwealth v. Seskey**, 86 A.3d 237, 242 (Pa. Super. 2014) (noting, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over this claim."). Having failed to do either, Appellant's claim is untimely, and the lower court was without jurisdiction to entertain it.

For the foregoing reasons, we affirm.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/17/2023