J-S24013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD KENTON ROSE | : | |
| | : | |
| Appellant | : | No. 10 WDA 2024 |

Appeal from the Judgment of Sentence Entered September 21, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-SA-0000153-2023

BEFORE:   BOWES, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: July 19, 2024**

Richard Kenton Rose appeals from the $300 fine imposed following his conviction for one count of summary disorderly conduct.  We quash the appeal as untimely.

Given our disposition, we need not recount the history of this matter at length.  It suffices to state that Appellant was charged with one count of disorderly conduct relating to a verbal altercation he had with an employee of the Westmoreland County Domestic Relations Section and several sheriff's deputies.  A magisterial district judge found Appellant guilty, and he filed a *pro se* appeal.  Following a *de novo* summary trial held on September 27, 2023, the trial court likewise found Appellant guilty and sentenced him to pay the fine indicated hereinabove, as well as the costs of prosecution.  Six days

_____

[*] Former Justice specially assigned to the Superior Court.

later, Appellant filed a "Motion to Reconsider and Motion to Strike." The trial court filed a document entitled "Notice of Motion for Reconsideration," which did not expressly grant reconsideration but did schedule a hearing for November 28, 2023, which was beyond the time for Appellant to file a timely appeal to this Court. Appellant did not file a notice of appeal in the interim.

Both Appellant and the Commonwealth appeared for the hearing, though neither presented any additional testimony or evidence. The court denied Appellant's ultimate request for relief from the bench, thereby upholding the conviction. Thereafter, it informed Appellant that he had the right to file an appeal within thirty days, on the belief that it had previously granted reconsideration. *See* N.T., 11/28/23, at 33, 35. The court entered a written order later that same day memorializing its denial of the motion, also indicating in handwriting: "Appeal rights given." Order of Court/Summary Appeal, 11/28/23.

Appellant filed a *pro se* notice of appeal on December 28, 2023. The court ordered Appellant to file and serve a Pa.R.A.P. 1925(b) statement, which Appellant timely filed but did not serve on the trial court. The trial court then issued a Rule 1925(a) opinion, stating that Appellant's issues should be deemed waived for his failure to comply with Rule 1925. In the alternative, the court agreed with Appellant's contention that the evidence was legally insufficient to support his disorderly conduct conviction.

This Court issued a rule to show cause as to why the appeal should not be quashed as untimely, noting that the appeal was filed more than thirty

days from the imposition of sentence. Appellant responded, claiming that his "post-trial motions were timely filed," which he claims "reset or stayed the judgement [*sic*] and sentence[.]" Answer to Rule to Show Cause, 2/29/24, at ¶ 5. We discharged the rule and ordered that the matter would be deferred to panel review.

Appellant raises eleven issues in this appeal. However, we must first address its timeliness. We have held that "[t]he timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act, and absent extraordinary circumstances, an appellate court lacks the power to extend the time provided for taking an appeal." **Commonwealth v. Powell**, 290 A.3d 751, 755 n.8 (Pa.Super. 2023) (cleaned up). Therefore, "one's failure to appeal timely from an order generally divests the appellate court of its jurisdiction to hear the appeal." **Id**. (citation omitted).

Pursuant to Rule 903, a notice of appeal "shall be filed within [thirty] days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). We note that "[t]here shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal." Pa.R.A.P. 720(D).

Additionally, the following principles apply when, as here, the appellant filed a motion for reconsideration of his sentence following a summary trial:

It is well-settled that, upon the filing of a motion for reconsideration, **a trial court's action in granting a rule to show cause and setting a hearing date is insufficient to toll the appeal period**. Rather, the trial court must expressly grant reconsideration within thirty days of entry of its order. Failure to expressly grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration. Therefore, . . . although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within [thirty] days, or it denies the petition. Moreover, we have consistently held that an appeal from an order denying reconsideration is improper and untimely.

*Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa.Super. 2000) (emphasis added).

Here, after Appellant filed his motion to reconsider, the trial court entered a notice that scheduled a hearing. The court did not expressly grant reconsideration at any point in time, let alone within thirty days of entry of the judgment against Appellant. On the contrary, the court ultimately denied the motion on November 28, 2023, well after expiration of the appeal period. It therefore lost power to act on the motion, regardless of the fact that it purported to preserve Appellant's appeal rights at the hearing and in its corresponding written order. *See Moir*, 766 A.2d at 1254 (holding that the trial court lacked jurisdiction to take action upon a motion to reconsider when it did not rule on the motion until denying it more than thirty days after entry of the final appealable order.)

Further, it is of no consequence that in his response to our rule to show cause, Appellant contends that his motion to reconsider was actually a "post-

sentence motion" that tolled the appeal period. Our procedural rules are clear that such a motion may not be filed following a summary conviction. **See** Pa.R.Crim.P. 720(D) ("There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas.").

Based on the above, we hereby quash Appellant's appeal as untimely.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/19/2024