J-S11013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :       PENNSYLVANIA
   :
   v.   :
   :
   :
   :
TIMOTHY C. SMITH   :
   :
   Appellant   :   No. 1431 WDA 2024

Appeal from the PCRA Order Entered September 30, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000083-2009

BEFORE:  MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:         **FILED: April 21, 2025**

Timothy C. Smith (Appellant) appeals, *pro se*, from the order dismissing, as untimely, his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA).  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

This Court previously detailed the factual and procedural history underlying this appeal:

> Appellant was arrested on January 5, 2009, and charged with various offenses after his step-daughter, C.P. [(the victim)], alleged that [Appellant] had sexually abused her beginning when she was eight years old and continuing until she was approximately thirteen years old.  Appellant proceeded to a jury trial on October 5 and 6, 2009, at the close of which the jury convicted him of 23 counts of aggravated indecent assault, 29 counts of indecent assault (person less than 13 years of age), and 26 counts of endangering the welfare of children.  The trial court subsequently sentenced Appellant to an aggregate term of 24 years, 8 months, and one day to 76 years' incarceration.  Appellant was also determined to be a sexually violent predator for Megan's Law purposes.

Appellant timely appealed from his judgment of sentence and, on September 13, 2011, we affirmed. ***Commonwealth v. Smith***, 34 A.3d 225 (Pa. Super. 2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On October 9, 2012, Appellant filed a timely, counseled PCRA petition[, his first,] alleging, *inter alia*, the ineffective assistance of his trial counsel, David S. Shrager, Esq[uire (trial counsel)]. A PCRA hearing was conducted on May 23, 2013, at which Appellant and [trial counsel] both testified. On December 30, 2013, the PCRA court issued an opinion and order denying Appellant's petition.

***Commonwealth v. Smith***, 120 A.3d 1067, 2015 Pa. Super. Unpub. LEXIS 678 at *2 (Pa. Super. [] 2015) [(unpublished memorandum)]. Appellant filed a timely appeal from the PCRA court's decision, and this Court affirmed. ***See id.*** Appellant then filed a petition for allowance of appeal with our Supreme Court, which the Court denied on November 4, 2015. ***See Commonwealth v. Smith***, 633 Pa. 767, 125 A.3d 1201 (Pa. 2015).

***Commonwealth v. Smith***, 195 A.3d 1027, 1419 WDA 2017 (Pa. Super. 2018) (unpublished memorandum at 1-3).

In the ensuing years, Appellant litigated three additional PCRA petitions, each of which the PCRA court dismissed as untimely filed. This Court affirmed the dismissals. ***See id.***, ***appeal denied***, 125 A.3d 1201 (Pa. 2015); ***Smith***, 195 A.3d 1027 (unpublished memorandum), ***appeal denied***, 202 A.3d 683 (Pa. 2019); ***Commonwealth v. Smith***, 296 A.3d 640 (Pa. Super. 2023) (unpublished memorandum).

On May 31, 2024, over 12 years after Appellant's judgment of sentence became final,[1] Appellant untimely filed the instant *pro se* PCRA petition, his fifth. Appellant asserted that

> [a]round March 1[,] 2024, [Appellant] was informed by his sister, Susan Kristoff[ (Kristoff),] and [a] family friend, Christi Jarbeck [(Jarbeck),] that the main witness for the Commonwealth, [the victim,] posted a disturbing video [on a social media platform] about having a step-daddy fetish. This newly[-]discover[ed] evidence of an infatuation that [the victim] has with [Appellant] was unknown to [Appellant] or the defense at the time of trial.

PCRA Petition, 5/31/24, at 2 (capitalization modified). Appellant alleged that after Kristoff and Jarbeck viewed this video, they conducted additional online searches of the victim's social media posts. *Id.* According to Appellant, "they were able to discover five [] different [] allegations" wherein the victim claimed that "five [] different men either sexually molested her, sexually abused her, raped her and tried to murder her. Of these five []allegations, three [] occurred prior to [Appellant's] trial."[2] *Id.* (capitalization modified).

---

[1] For purposes of the PCRA, a judgment of sentence "becomes final at the conclusion of direct review … or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Instantly, Appellant's judgment of sentence became final on October 13, 2011, after the expiration of the 30-day period to file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See id.*; *see also* Pa.R.A.P. 1113 (providing that a petition for allowance of appeal must be filed within thirty days after the entry of this Court's order).

[2] We hereinafter collectively refer to the victim's social media posts regarding her purported fetish and allegations of other men having abused her as the "social media posts." Appellant attached to his PCRA petition signed and notarized affidavits, from both Jarbeck and Kristoff, wherein they detailed the
*(Footnote Continued Next Page)*

Appellant claimed, "if this newly[-]discovered evidence was presented to the jury, that [the victim] alleges that four [] different men (including [Appellant]), sexually molested her or raped her, … with no physical evidence to support her [] allegations, … the jury would see [the victim] as a serial accuser, with serious mental health issues." *Id.* (capitalization modified); *see also id.* at 5 ("[The victim] has the motive to fabricate [] allegations, through anger or infatuation and not being able to determine fact or fantasy[,] with [her] out-burst[s] online for deliberate attempts for attention, which would have shed[] light on her mental health/mental illness for the jury."). According to Appellant, "this newly-discover[ed] evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence." *Id.* at 5 (capitalization modified).

Though Appellant did not specifically acknowledge the facial untimeliness of his petition, he claimed he met the requirements of the exception to the PCRA's one-year jurisdictional time-bar[3] codified at 42

---

social media posts. PCRA Petition, 5/31/24, Ex. 2, Ex. 3. Kristoff explained that on "or around the first day or so of March, 2024," she first viewed the video that the victim allegedly posted concerning her fetish and "infatuation with [Appellant.]" *Id.*, Ex. 3; *see also id.*, Ex. 2 (Jarbeck stating in her affidavit that she "was able to record this video and contacted … Kristoff, and sent it to her.").

[3] *See* 42 Pa.C.S.A. § 9545(b)(1) (providing all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final).

Pa.C.S.A. § 9545(b)(1)(ii) (newly-discovered fact exception).[4] PCRA Petition, 5/31/24, at 6. Appellant further claimed he proffered the newly-discovered fact of the social media posts within one year of the date the claim could have been first presented, in compliance with 42 Pa.C.S.A. § 9545(b)(2). PCRA Petition, 5/31/24, at 6; 42 Pa.C.S.A. § 9545(b)(2) (providing that any PCRA petition invoking one of the PCRA's timeliness exceptions must also establish that the petitioner invoked the exception within one year of the date the claim could have been first presented). Finally, Appellant requested an evidentiary hearing. *Id.* at 7.

On the same day he filed his PCRA petition, Appellant filed two additional *pro se* motions: a Motion for Subpoena and a Motion for *In Forma Pauperis* and Abeyance (Motion for IFP/Abeyance). In the Motion for Subpoena, Appellant sought a court order to subpoena the phone records of the victim's mother, S.S.,[5] from 2008-2009. Motion for Subpoena, 5/31/24, at 1. According to Appellant, "text messages sent and received by [S.S.] would [have] been valuable to [Appellant's] defense" and "changed the outcome of the trial[.]" *Id.* Appellant alleged S.S.'s purported text messages would

---

[4] To meet the requirements of the newly-discovered fact exception, the petitioner must plead and prove two prongs: "(1) the facts upon which the claim was predicated were unknown[;] and (2) they could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (citation omitted).

[5] As we explain further below, S.S. testified as a Commonwealth witness at Appellant's trial.

- 5 -

"show[] the mental sickness [the victim] was suffering from and the confusion [the victim] was experiencing at the time she made these [] allegations against [Appellant.]" *Id.*

In the Motion for IFP/Abeyance, Appellant asked the PCRA court to hold his PCRA petition in abeyance, "affording him the opportunity to investigate any incoming and outgoing text messages sent and received by [S.S.]" Motion for IFP/Abeyance, 5/31/24, at 1. According to Appellant, "[i]t would be unjust to rule on [Appellant's PCRA p]etition without affording [Appellant] the opportunity to explore and present this information/newly[-]discovered evidence in an amended petition, pursuant to Pa.R.Crim.P. 905(a)[.]" *Id.* (citation modified).

On June 18, 2024, the PCRA court issued a Pennsylvania Rule of Criminal Procedure 907 notice of intent to dismiss Appellant's petition without an evidentiary hearing (Rule 907 Notice). The court offered the following reasoning in support of dismissal:

> The facts [Appellant] learned only three months before filing [his PCRA] petition, he avers, are that [Kristoff and Jarbeck discovered that the] victim … posted a video about having a step[-]daddy fetish and that, prior to [Appellant's] trial, [the victim] had accused three other men of sexually molesting her. [Appellant] has thereby established the jurisdictional prerequisites to a review of his claim on its merits.
>
> As our Supreme Court reaffirmed in **Commonwealth v. Blakeney**, 193 A.3d 350 (Pa. 2018), a defendant invoking the newly[-]discovered facts exception only needs to show two things[:] first that the proffered facts were unknown to him, and second, that due diligence would not have allowed him to ascertain them earlier. *Id.* at 361. In this case, both can be

- 6 -

readily inferred from the circumstances. [Appellant] has been in prison for more than a decade. He has not had access to the social media platform(s) through which he could have discovered [the social media posts], and it was not until March [2024] that [Kristoff] and [Jarbeck] told [Appellant] about it. Once they did, [Appellant] acted well within [Section] 9545(b)(2)'s one-year grace period to file the instant petition. Nevertheless, because it is clear from the face of [Appellant's] petition that the underlying substantive claim wholly lacks merit, [Appellant] is not entitled to a hearing or other relief.

A new trial will not be granted based on the availability of [after-]discovered evidence[6] if its sole purpose is to impeach the credibility of a witness. *See Commonwealth v. Cousar*, 154 A.3d 287, 311 (Pa. 2017). Yet that is precisely what [Appellant] proposes to do with the [social media posts, which] purportedly divulges [the victim's] step[-]daddy fetish and pre-trial sexual accusations against other men. [Appellant] claims otherwise, but his own averments betray his ignorance about what "impeachment" means, as he makes perfectly clear in his [PCRA]

_____

[6] "[T]he newly-discovered facts exception to the jurisdictional time-bar is distinct from an after-discovered evidence claim, which is a substantive basis for relief pursuant to 42 Pa.C.S.A. § 9543(a)(2)([vi])[.]" *Commonwealth v. Branthafer*, 315 A.3d 113, 128 (Pa. Super. 2024); 42 Pa.C.S.A. § 9543(a)(2)(vi) (providing that to be entitled to PCRA relief, a petitioner must establish, by a preponderance of the evidence, that the conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced."). "Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim." *Commonwealth v. Reeves*, 296 A.3d 1228, 1232 (Pa. Super. 2023).

[T]o prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) **it is not being used solely to impeach credibility**; and (4) it would likely compel a different verdict.

*Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (emphasis added).

- 7 -

petition that he intends to use the [social media posts] to convince a jury that [the victim] is a serial accuser who fabricated the allegations against [Appellant] and cannot be believed. In [Appellant's] own words,

> This Newly Discovered Evidence is not being used to solely impeach [the victim's] credibility. It shows that [the victim] is a serial accuser, alleging allegations against [Appellant] and three (3) different men during the same time period. [The victim] doesn't consider the damage it has caused and would cause these men[,] and the possible repercussions it would cause[,] just to have people feel empathy for her. This shows this Honorable Court that [the victim] has the motive to fabricate [] allegations, through anger or infatuation[,] and [her] not being able to determine fact or fantasy[,] with outburst[s] on-line for deliberate attempts for attention, which would of [*sic*] shedded [*sic*] light on her mental health/mental illness for the jury.

> [PCRA Petition, 5/31/24, at 5.] This, of course, is classic impeachment: [Appellant] wants to use the [social media posts] to convince a jury that [the victim] is not a reliable witness whose testimony can serve as proof beyond a reasonable doubt that [Appellant] sexually abused her. It thus cannot serve as the basis for a new trial.

Rule 907 Notice, 6/18/24, at 1-2 (footnote added).

In a separate order also filed on June 18, 2024, the PCRA court denied Appellant's Motion for Subpoena, reasoning that

> [e]ven were [Appellant] able to obtain the evidence he seeks to obtain by subpoenaing [S.S.'s] phone records, the fact that [Appellant] intends to use [the records] merely as a tool with which to challenge [the victim's] credibility, *i.e.*, as impeachment evidence, means it would not entitle [Appellant] to a new trial in any event. The records[] he seeks, therefore, are irrelevant.

Order, 6/18/24. This order also granted in part and denied in part Appellant's Motion for IFP/Abeyance:

> Abeyance is granted in part and denied in part. Long a[n] [] inmate without the means to secure outside income, [Appellant] is indeed IFP-eligible. The [PCRA c]ourt's denial of his Motion for Subpoena, however, renders wholly unnecessary a delayed disposition. As [Appellant's] allegations plainly foretell, the outcome of the pending [PCRA] petition will be the same whether [the PCRA court's ruling] is delivered today or six months from now.

*Id.* (capitalization modified).

On July 5, 2024, Appellant filed a *pro se* Motion for Leave to File Supplemental Amended Petition (Motion to Amend). Appellant requested permission to amend his PCRA petition to clarify that he challenges the victim's **competency** to testify, based on her alleged psychological illnesses. ***See*** Motion to Amend, 7/5/24, at 2-3; ***see also id.*** at 2 ("A competency determination due to mental health does not involve an assessment of credibility." (capitalization modified)). According to Appellant, "[the victim] has done several stints in DuBois Behavioral Health and months in Warren Psychiatric Hospital due to … [her] mental health issues. Her competency because of a mental health condition was pre-trial and has continued [] to present day." *Id.* at 2. Appellant stated he intended to use the social media posts, as well as S.S.'s purported text messages, to challenge the victim's "ability to recall information or to distinguish between fact and fantasy because she suffers from mental health issues[.]" *Id.* at 3.

On July 26, 2024, Appellant filed a *pro se* response to the Rule 907 Notice.

By order entered September 30, 2024 (Dismissal Order), the PCRA court granted Appellant's Motion to Amend and dismissed Appellant's instant PCRA petition. The PCRA court reasoned that Appellant's claim, as recast in the Motion to Amend, failed to establish the requirements of the newly-discovered fact exception; thus, the court lacked jurisdiction to address the merits of Appellant's untimely petition. Dismissal Order, 9/30/24, at 1 (unpaginated).

Appellant timely filed a *pro se* notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court issued a brief Rule 1925(a) opinion on October 30, 2024.[7]

Appellant presents four issues for our review:

I. Did the PCRA court err and abuse[] its discretion by denying Appellant[']s PCRA [petition] based on timeliness, due diligence and jurisdiction in its granting of Appellant[']s supplemental amended petition?

II. Did the PCRA court err and abuse its discretion in dismissing Appellant[']s PCRA petition by misconstruing the supplemental amend[ed petition], to support a dismissal by claiming no jurisdiction because of due diligence?

III. Did the PCRA court err and abuse its discretion in denying Appellant a merits review based on its new position that the court (PCRA court) lacks jurisdiction to do so?

IV. Did the PCRA court err and abuse[] its discretion in its denial of Appellant[']s Motion for [IFP/]Abeyance and Motion for

---

[7] On December 9, 2024, Appellant filed two *pro se* motions in this Court, respectively titled, "Motion for Remand" and "Motion for Consideration and Determination." Four days later, we denied the motions without prejudice to Appellant's right to raise the issues before the merits panel. Order, 12/13/24.

Subpoena and in doing so, violated Appellant['] due process and constitutional rights as afforded him through the Amendments of the Pennsylvania and United S[t]ates Constitution[, by] creating governmental interference?

Appellant's Brief at vi (issues reordered; capitalization modified).[8]

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023) (citation omitted). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012).

Preliminarily, we address the timeliness of Appellant's PCRA petition. It is undisputed that Appellant's petition is facially untimely, as he filed it over twelve years after his judgment of sentence became final. However, Appellant claims he met the requirements of the newly-discovered fact exception to the PCRA's one-year jurisdictional time-bar, via new evidence of the social media posts and S.S.'s purported text messages. Appellant's Brief at 15; Appellant's "Response" Brief at 8. Appellant additionally claims he proffered this evidence within one year of the date it could have been first presented, in compliance with 42 Pa.C.S.A. § 9545(b)(2), ***supra***. Appellant's Brief at 15; Appellant's

---

[8] The Commonwealth sent this Court correspondence, filed on February 13, 2025, stating it would not file an appellate brief and "concurs completely with" the PCRA court's Rule 1925(a) opinion. Correspondence, 2/13/25.

- 11 -

"Response" Brief at 8. As "the analysis of whether a PCRA petitioner has satisfied the [Section] 9545(b)(1)(ii) time-bar exception is analytically distinct from the merits of any substantive claim seeking relief[,]" we first determine whether Appellant met the requirements of this timeliness exception. ***Commonwealth v. Robinson***, 185 A.3d 1055, 1059 (Pa. Super. 2018) (*en banc*); ***see also Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (stating that where a PCRA petitioner fails to file a timely petition, "neither this Court nor the [PCRA] court has jurisdiction over the petition." (citation omitted)).

We address Appellant's first three issues together, as each challenges the PCRA court's dismissal of his PCRA petition as untimely filed. Appellant claims he timely proffered the social media posts, which satisfied "all the standards set[ ]forth in 42 Pa.C.S.A. [§] 9545(b)(1)(ii) and 9545(b)(2) due to [Appellant's] extraordinary due diligence and persistence. This gives this Honorable Court jurisdiction to rule on the merits of Appellant's PCRA [p]etition in its totality." Appellant's Brief at 15. Appellant points out that the PCRA court, in its Rule 907 Notice, found that Appellant had met the requirements of the newly-discovered fact exception, but concluded that his claim failed on the merits, where he intended to use the social media posts solely to impeach the victim's credibility. ***Id.*** at 6-7, 16; ***see also*** Rule 907 Notice, 6/18/24, at 1-2.

- 12 -

However, Appellant claims his July 5, 2024 Motion to Amend showed that "his petition in totality is a meritorious petition and was more than just impeaching the credibility of the [victim.]" *Id.* at 7 (capitalization modified); *see also id.* at 8 (asserting the Motion to Amend "is about the newly[-]discovered evidence of [S.S.'s purported] text messages, with [S.S.] stating that the [] victim is 'mentally sick' and 'confused[.']  All of this was unknown to Appellant prior to trial." (capitalization modified)).  Appellant complains that "[n]ow, in granting Appellant's [Motion to Amend], and in its Dismissal [Order] …, the PCRA court has reversed its position by stating that Appellant did not use due diligence and his PCRA petition is untimely." *Id.* at 17 (capitalization modified).

> Appellant argues,
>
> had th[e] newly[-]discovered evidence [of S.S.'s purported text messages] been know[n] by Appellant prior to trial, after investigation and trial preparation, the [] victim's competency because of mental health would [have] been raised at trial, along with the other newly[-]discovered evidence such as the [social media posts regarding the] victim's step[-]daddy fetish and her infatuation with Appellant[,] and her accusing and making false allegations against three different men of sexual abuse, sexual molestation and rape, all [of] which … occurred before tr[ia]l according to the [] victim's [social media] posts….  Once presented to the jury, this newly[-]discovered evidence would [have] more than likely compelled a different verdict.

*Id.* at 10-11 (capitalization modified).  Appellant further claims "the PCRA court erred and abused its discretion in misconstruing what Appellant knew about the [] victim's psychiatric history and psychological problems" at the time of trial.  *Id.* at 10 (capitalization modified); *see also id.* ("Appellant

- 13 -

knew [that the] victim was being treated for bi-polar affective disorder, which has nothing to do with competency because of mental health." (capitalization modified)).

Again, to establish the newly-discovered fact exception, a petitioner must plead and prove that the facts upon which the claim was predicated were unknown, and that the petitioner could not have ascertained the facts earlier by the exercise of due diligence. *Cox*, 146 A.3d at 227. This Court has stated that "the due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Burton*, 121 A.3d at 1070 (footnote omitted). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Id.* at 1071; *see also id.* at 1076 ("A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." (citation and emphasis omitted)).

"Pennsylvania law is unmistakably clear that only new facts, **not newly-uncovered information pertinent to previously known facts**, trigger the timeliness exception pursuant to Section 9545(b)(1)(ii)." *Branthafer*, 315 A.3d at 130 (emphasis added); *Commonwealth v. Lopez*, 249 A.3d 993, 1000 (Pa. 2021) (explaining that the focus of the newly-discovered fact exception "is on the newly discovered facts, not on a newly discovered or

newly willing source for previously known facts." (citation, emphasis, and footnote omitted)).

Instantly, in its Dismissal Order, the PCRA court reasoned that Appellant's claim, as recast in his Motion to Amend, failed to establish the requirements of the newly-discovered fact exception:

Even as amended to recast [Appellant's] claim as one challenging [the victim's] competency, … the [facially untimely] PCRA petition fails to establish that [a timeliness] exception applies so as to vest the [c]ourt with jurisdiction to consider [Appellant's] petition on its merits.

Attached to [Appellant's] Motion [to Amend] is an excerpt from the trial transcript.[9]  There[, trial] counsel is cross-examining [the victim] and utilizing portions of her therapy records to do so. [**See** N.T., 10/05/09, at 109 (the victim confirming that she had sought mental health treatment, including hospitalizations, on multiple prior occasions); **see also id.** at 111 (trial counsel cross-examining the victim about her suicide attempt in 2008).]  That means [trial] counsel—and [Appellant], by extension—knew well before trial that [the victim] had a psychiatric history and, more specifically, that she had discussed the subject allegations with her treatment provider(s).  In reality, then, [Appellant] was not unaware of [the] victim's mental health issues; [Appellant] and [trial counsel] simply did not explore them thoroughly enough to discover the facts [Appellant] claims to have only recently learned.

That is to say, **while the information [Appellant] now advances as grounds for invoking the newly[-]discovered facts exception may not have been known to him in its precise form before trial, he was unquestionably cognizant that [the victim] had psychological problems that could have been coloring her claims against him.**  [Appellant]

_____

[9] The Motion to Amend contained in the certified record appears to be a copy of the original, and does not include any attachments.  **But see** Motion to Amend, 7/5/24, at 2 (Appellant quoting excerpts from the victim's trial testimony).  Our Prothonotary was unable to obtain the original Motion to Amend with attachments.

> **failed to exercise due diligence to learn more about them** before the PCRA's one-year statute of limitations expired—a failure that precludes him from litigating his claim(s) now.

Dismissal Order, 9/30/24, at 1 (unpaginated) (footnote and emphasis added).

Our review confirms the PCRA court's reasoning is supported by the record and the law, and we agree with its determination. Appellant concedes that he

> knew the [] victim was in DuBois Behavioral Health. [**Appellant**] **knew** [**that the victim**] **was assessed as bi-polar and had a psychiatric history according to discovery.** He also knew that she denied any psychotic symptoms. Nothing Appellant knew dealt with competency because of mental health.

Appellant's Brief at 9 (emphasis added; capitalization modified). Accordingly, the social media posts, and S.S.'s purported text messages referencing the victim's mental health, constitute merely "newly-uncovered information pertinent to previously known facts[,]" and does not satisfy the newly-discovered fact exception. *Branthafer*, 315 A.3d at 130. Further, the PCRA court correctly found that Appellant failed to meet his burden of explaining "why he could not have learned the new fact(s) earlier with the exercise of due diligence." *Burton*, 121 A.3d at 1076; PCRA Court Order, 9/30/24, at 1.

Even if Appellant established the newly-discovered fact exception, and we had jurisdiction to address the merits of Appellant's claim, the social media posts and S.S.'s purported text messages do not constitute "after-discovered evidence" warranting PCRA relief. Under Section 9543(a)(2)(vi), relief may be due where the petitioner demonstrates "the unavailability at the

time of trial of exculpatory evidence that has subsequently become available and **would have changed the outcome of the trial if it had been introduced**." 42 Pa.C.S.A. § 9543(a)(2)(vi) (emphasis added); **see also Burton**, 158 A.3d at 629 (stating Section 9543(a)(2)(vi) is satisfied by evidence that, *inter alia*, "is not cumulative" and "would likely compel a different verdict."). In determining whether after-discovered evidence is of such nature and character that it would compel a different verdict if a new trial were granted, "a court should consider the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." **Commonwealth v. Padillas**, 997 A.2d 356, 365 (Pa. Super. 2010).

Instantly, we conclude that Appellant failed to establish a different outcome would have resulted had the social media posts, and S.S.'s purported text messages, been introduced at Appellant's trial.[10] At trial, trial counsel cross-examined the victim, who confirmed that she had mental health issues, was repeatedly hospitalized related to these issues, and had attempted suicide. N.T., 10/05/09, at 109, 111. Further, trial counsel thoroughly cross-examined S.S. with respect to the victim's history of mental health treatment and hospitalizations, as well as the victim's tendency to fabricate:

---

[10] Even assuming, *arguendo*, that the social media posts the victim created **in 2024**, in fact, show that she is mentally incompetent and/or tends to fabricate allegations, this evidence does not necessarily prove that the victim had those same conditions at the time of trial, **in 2009**.

Q. [Trial counsel:] … [Y]ou talk[ed] to [medical] professionals [while the victim was] in the hospital; is that right?

A. [S.S.:] I had meetings. We had family meetings with therapists.

* * *

Q. You met with the [victim's] therapists, [S.S., on] December 11th of [20]08. I'm referring to this paragraph right here.[11] Do you recall that?

A. Yes, I do.

Q. And you said to the therapist when [you were] interviewed[,] in regards to [the victim] saying about being molested by [Appellant,] that [the victim] had frequently lied about various events. Is that what you said to the therapist?

A. Not in regards to molestation but the typical, yes, fibbing and lying.

Q. Let's go over this [medical treatment record] specifically[.]

A. Okay.

Q. "[S.S.] reported that the [victim] had frequently lied about various events and this is well documented in the unit therapist note." That's what you said to the therapist; isn't that right?

A. That's correct.

*Id.* at 207 (footnote added); *see also id.* at 207-10, 216, 226-27, 229-30 (trial counsel further cross-examining S.S. about the victim's history of psychological treatment, as well as S.S.'s statements to the victim's therapists).

---

[11] Though the record does not contain a copy of the victim's medical treatment records, it is clear that trial counsel was cross-examining S.S. with them.

- 18 -

As the PCRA court cogently reasoned in a prior opinion addressing trial counsel's alleged ineffectiveness:

[Trial counsel] knew that [the victim] was given to exaggeration, and utilizing both her medical records and information from his discussions with [Appellant, trial counsel] thoroughly probed the Commonwealth's witnesses, particularly [the victim and S.S.], on that issue. [Trial counsel] also attempted to introduce the victim's documented [hospital] admissions by having them read to the jury from official business records. (***See*** [N.T., 10/6/09,] pp. 124-26). After the [trial c]ourt informed [trial counsel] that [if the court were to admit the medical records, it] would then permit the Commonwealth to introduce statements implicating [Appellant], however, [trial counsel] elected not to pursue that avenue of impeachment. (***See id.***). …. [**Trial counsel**] **also knew** [**about the victim's**] **psychological issues and that she had once been diagnosed as bi-polar**, and as the trial transcripts demonstrate, [**trial counsel,**] **in fact**[**,**] **used that information**, albeit minimally, in attempting to discredit [the victim]. [Trial counsel] did so because he wanted merely to suggest to the jury that [the victim's] mood disorder contributed to her decision to lie about the molestation, and [trial counsel] accomplished that goal. [**Trial counsel**] **did not want to explore** [**the victim's**] **psychological history too deeply, however, as he was well aware that the documented onset of** [**the victim's**] **symptoms coincided with when** [**Appellant's**] **alleged abuse had begun and** [**trial counsel**] **did not want to risk exposing that connection.**

PCRA Court Opinion, 12/30/13, at 6-7 (emphasis added; paragraph break omitted); ***see also*** Trial Court Opinion, 10/22/10, at 4 (finding, in response to Appellant's challenge to the sufficiency of the evidence supporting his convictions, that the victim's trial "testimony was [] corroborated in many respects. [S.S.], for instance, verified a significant portion of what [the victim said], including events surrounding the sexual encounters about which [the victim] testified….").

In light of the foregoing, we conclude that the social media posts and S.S.'s purported text messages, had they been introduced at Appellant's trial, would have merely been cumulative and would not have changed the outcome of Appellant's trial. 42 Pa.C.S.A. § 9543(a)(2)(vi); **Burton**, 158 A.3d at 629. Further, contrary to Appellant's claim on appeal, the PCRA court did not err to the extent that it appropriately shifted the nature of its analysis (as compared to the analysis of the Rule 907 Notice), in response to Appellant's newly-framed claim in the Motion to Amend.

Accordingly, Appellant's first three issues merit no relief. The PCRA court did not err or abuse its discretion in dismissing Appellant's fifth PCRA petition as untimely filed.

In his fourth, and final, issue, Appellant claims the PCRA court improperly denied his Motion for Subpoena, and improperly denied in part his Motion for IFP/Abeyance. **See** Appellant's Brief at 3-5. Appellant contends the PCRA court erred in

> preclud[ing] him from obtaining newly[-]discovered evidence in the form of text messages of [S.S.], … which were unknown to Appellant. The PCRA court assumed and then predetermined that this evidence would be solely used to further impeach the credibility of the [] victim and deemed this newly[-]discovered evidence as irrelevant to Appellant's PCRA petition.

**Id.** at 3 (citation omitted; capitalization modified); **see also id.** at 5 ("[T]his newly[-]discovered evidence in the form of text messages, had it been known to exist, would [have] been vital to [Appellant's] defense." (capitalization modified)). Appellant invokes, *for the first time on appeal*, the governmental

- 20 -

interference exception to the PCRA's time-bar, 42 Pa.C.S.A. § 9545(b)(1)(i) (providing a timeliness exception, where the petitioner proves that "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]").  Appellant's Brief at 3; **see also id.** ("Appellant fulfills the requirement[s] of this 'exception' due to the denial of the Motion for [IFP/]Abeyana and Motion for Subpoena.").

The PCRA court opined that Appellant waived this issue, as he undisputedly failed to file a notice of appeal from the court's "final order filed June 18, 2024," which disposed of Appellant's Motion for Subpoena and Motion for IFP/Abeyance.  PCRA Court 1925(a) Opinion, 10/30/24, at 1.

Pennsylvania Rule of Appellate Procedure 903(a) requires an aggrieved party to file a notice of appeal "within 30 days after the entry of the order from which the appeal is taken."  Pa.R.A.P. 903(a); **see also Commonwealth v. Powell**, 290 A.3d 751, 755 n.8 (Pa. Super. 2023) ("[O]ne's failure to appeal timely from an order generally divests the appellate court of its jurisdiction to hear the appeal." (citation and quotation marks omitted)).  Rule 341(a) provides that "an appeal may be taken as of right from any **final** order of a … trial court."  Pa.R.A.P. 341(a) (emphasis added).  Rule 341 defines a "final order," *inter alia*, as an order that "disposes of **all claims** and all parties[.]"  Pa.R.A.P. 341(b)(1) (emphasis added).

Instantly, we disagree with the PCRA court that its order disposing of the Motion for IFP/Abeyance and Motion for Subpoena constituted a final order, as this order did not dispose of all claims and all parties. ***Id.***; ***Commonwealth v. Gaines***, 127 A.3d 15, 18 (Pa. Super. 2015) (*en banc*) (observing that in a PCRA proceeding, the final, appealable order is the grant or denial of relief). However, we agree with the PCRA court's alternative holding, in its Rule 1925(a) opinion, that if Appellant's instant claim is not waived, the PCRA court "did not err or abuse its discretion as alleged."[12] PCRA Court 1925(a) Opinion, 10/30/24, at 1.

Based upon our reasoning set forth *supra*, even if Appellant obtained the relief he sought in his Motion for Subpoena and Motion for IFP/Abeyance, *i.e.*, evidence of S.S.'s text messages from 2008-2009, this evidence would be unavailing to Appellant in overcoming the PCRA's time-bar. Further, to the extent that Appellant invokes the governmental interference exception for the first time on appeal, he waived this claim. ***See Commonwealth v. Reid***, 99 A.3d 470, 494 (Pa. 2014) (stating that a "claim not raised in [a] PCRA petition cannot be raised for the first time on appeal, and is 'indisputably waived.'" (quoting ***Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004));

---

[12] "[I]t is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." ***Commonwealth v. Lehman***, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (citation and quotation marks omitted).

Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

Based on the foregoing, we discern no error of law or abuse of discretion in the PCRA court's dismissal of Appellant's fifth PCRA petition. Appellant's petition is facially untimely and failed to plead and prove any exception to the PCRA's jurisdictional time-bar. Accordingly, the PCRA court lacked jurisdiction to address the underlying claims raised by Appellant, and this Court is without jurisdiction to address those claims on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/21/2025