J-S02033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRIRK HARRIS | : | |
| | : | |
| Appellant | : | No. 583 EDA 2025 |

Appeal from the PCRA Order Entered January 30, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004135-2012

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:  **FILED MARCH 12, 2026**

Appellant, Tyrirk Harris, appeals *pro se* from the January 30, 2025 order denying, as untimely, his third petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.  We affirm.

On February 14, 2012, Appellant was arrested and charged with murder, firearms not to be carried without a license, carrying a firearm in public in Philadelphia, and possession of an instrument of crime (PIC).  PCRA Order and Opinion, 11/6/15, at 1.  On February 1, 2013, a jury convicted Appellant of third-degree murder and PIC.[1]  *Id.* at 1.  On April 26, 2013, the trial court imposed a sentence of nineteen to thirty-eight years of imprisonment for third-degree murder and a consecutive sentence of one to two years of imprisonment for PIC, resulting in an aggregate sentence of twenty to forty

_____

[1] Appellant was acquitted of the remaining charges.  PCRA Order and Opinion, 11/6/15, at 1, n.1.

years of imprisonment. *Id.* Appellant filed a timely notice of appeal. *Id.* at 2. On February 21, 2014, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Harris*, 1473 EDA 2013, 2014 WL 10982075 (Pa. Super. filed February 21, 2014) (unpublished memorandum). On June 12, 2014, our Supreme Court denied further review. *See Commonwealth v. Harris*, 112 EAL 2014, 2014 WL 2722000 (Pa. 2014).

Appellant has previously litigated two PCRA petitions, the denials of which were affirmed by this Court on appeal. *See Commonwealth v. Harris*, 689 EDA 2026, 2017 WL 499427 (Pa. Super. filed February 7, 2017), *appeal denied*, 137 EAL 2017, 2017 WL 3712245 (Pa. 2017); *Commonwealth v. Harris*, 1429 EDA 2019, 2020 WL 5015851 (Pa. Super. filed August 25, 2020) (unpublished memorandum).

This appeal concerns Appellant's third attempt to secure relief via collateral proceedings. On January 21, 2025, Appellant filed a *Pro Se* Motion for Leave of Court *Nunc Pro Tunc* for a Reconsideration of Judgment of Sentence. The PCRA court treated the filing as a PCRA petition, and on January 30, 2025, it denied relief. Order, 1/30/25.

Appellant filed a timely appeal. The PCRA court did not direct Appellant to file a Rule 1925 concise statement of errors and authored an opinion addressing the denial of Appellant's petition. PCRA Court Opinion ("PCO"), 5/27/25.

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the

record and free of legal error. *See Commonwealth v. Wharton*, 669 Pa. 625, 263 A.3d 561, 567 (2021). The timeliness of a PCRA petition is a jurisdictional prerequisite. *See Commonwealth v. Ballance*, 203 A.3d 1027 (Pa. Super. 2019). We therefore must consider whether the PCRA court properly treated Appellant's January 21, 2025 filing as a PCRA petition, as the law is clear that neither this Court nor the PCRA court have the legal authority to address Appellant's substantive claims unless the petition is timely. *See Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa. Super. 2017).

> It is well-established that "the PCRA subsumes the remedy of habeas corpus with respect to remedies offered under the PCRA[.]" *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 640 (1998); *see also* 42 Pa.C.S.A. § 9542 (stating, a PCRA petition "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis"); *Commonwealth v. Taylor*, 65 A.3d 462, 465-466 (Pa. Super. 2013) (stating, "[u]nless the PCRA [cannot] provide[ ] a potential remedy, the PCRA statute subsumes the writ of habeas corpus"); *Commonwealth v. Powell*, 290 A.3d 751, 758 (Pa. Super. 2023). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a habeas corpus petition." *Taylor*, 65 A.3d at 466. Regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007); *see also Commonwealth v. Torres*, 223 A.3d 715, 716 (Pa. Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition" (citation omitted)); *Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) (affirming the *Wrecks'* holding that regardless of how a filing is titled, a petition should be treated as filed under the PCRA if it is filed after the judgment of sentence becomes final and seeks relief provided under the PCRA).

*Commonwealth v. Hagan*, 306 A.3d 414, 421–22 (Pa. Super. 2023). We conclude that because Appellant's January 21, 2025 filing challenged the legality of his sentence, an issue cognizable under the PCRA,[2] the PCRA court properly considered Appellant's filing a PCRA petition.

Under the PCRA "any petition … including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves [one or more statutory exceptions…]." 42 Pa.C.S. § 9545(b)(1).[3] Appellant's judgment of sentence became final on September 10, 2014, 90 days after our Supreme Court denied review of this Court's decision affirming Appellant's judgment of sentence, and the time for filing a petition for writ of certiorari in the Supreme Court of the United States expired. *See* 42 Pa.C.S.A. § 9545(b)(3) ("For purposes of [post conviction relief], a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); U.S. Supreme Ct. Rule 13(1) (allowing 90 days to file petition for writ of certiorari). Accordingly, Appellant had one year, or until September

_____

[2] Issues challenging the legality of a sentence are cognizable under the PCRA, as long as the court has jurisdiction to hear the claim. *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

[3] "There are three exceptions to this [one year filing] time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012) (citing 42 Pa.C.S. § 9545(b)(1)(i-iii)).

10, 2015, to file a timely PCRA petition unless Appellant could plead and prove an exception to the PCRA time bar. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).Appellant's petition was filed on January 21, 2025, more than nine years after Appellant's judgment of sentence became final. Further, Appellant's petition did not allege, much less prove, any of the statutory exceptions to the one-year filing requirement.

As stated, the timeliness of a PCRA petition impacts jurisdiction.

> The timeliness of a PCRA petition is a jurisdictional requisite. [T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition. **In other words, Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition.** The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa. C.S. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3).

*Ballance,* 203 A.3d at 1031 (citations omitted) (emphasis added).

The PCRA court addressed the jurisdictional requirement of the timely filing of a PCRA petition in its opinion:

> On January 24, 2025, this court received a letter from [Appellant], asking this court to reconsider his sentence. [Appellant] had already litigated two PCRA petitions, the last one being filed in January of 2019, alleging that the trial court abused its discretion in sentencing and ineffective assistance of trial counsel for failing to object to the court's twenty-to-forty-year sentence for Third Degree Murder and Possession of an Instrument of a Crime.

> This court's law clerk responded to that letter informing [Appellant] that his judgment of sentence had been affirmed by the Superior Court of Pennsylvania on February 21, 2014, and that

his two prior PCRA petitions had been denied by this court and affirmed by Superior Court. ***See Commonwealth v. Harris***, No. 1429 EDA 2019 (Pa. Super. Aug. 25, 2020) (unpublished memorandum).

Subsequently, [Appellant] filed a *pro se* Motion to Reconsider Sentence *nunc pro tunc*, which this court denied on January 30, 2025. Since the relief sought is cognizable under the PCRA, any review is pursuant to the dictates and limitations imposed by the statute.[FN1] **The timeliness requirements are jurisdictional limits. Superior Court has already ruled that [Appellant's] prior 2019 petition, alleging the same abuse of discretion in sentencing as in the current request, was untimely.**

> [FN1] While this court believes a 907 Notice, under these circumstances, is not necessary, if Superior Court disagrees, the matter should be remanded for an issuance of such a notice.

PCRA Opinion, 5/27/25 at 1-2 (emphasis added).[4]

Appellant's judgment of sentence became final on September 10, 2014. There is no dispute that Appellant's petition was facially untimely as it was filed on January 21, 2025. Therefore, Appellant was required to plead and prove one of the enumerated exceptions to the PCRA's time bar. ***Ballance***, 203 A.3d at 1031 (citing 42 Pa.C.S. § 9545(b)(1)(i)-(iii)). Appellant did not do so. Because Appellant did not meet his burden, we agree with the PCRA court that Appellant's petition was untimely, and as such, we lack jurisdiction to consider the merits of the petition. ***See Ballance***, 203 A.3d at 1031

_____

[4] We conclude that remand for the PCRA court to provide notice pursuant to Rule 907 is not necessary, and we note that "failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." ***Commonwealth v. Zeigler***, 148 A.3d 849, 852 n.2 (Pa. Super. 2016) (citation omitted).

(stating "Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition").

Notably, Appellant does not argue otherwise or attempt to argue any exception to the time bar. Instead, he generically maintains that, because his claim implicates the legality of his sentence, his claim is not subject to waiver.[5] **See** Appellant's Reply Brief at 10 (("[Appellant]is only challeng[]ing the legality of his sentence that may be raised at any time as a matter of the right that is 'non waiv[]able'[.]"). However, Appellant conflates waiver issues, which addresses issue preservation requirements, with whether the PCRA court has jurisdiction. **See Commonwealth v. Whitehawk**, 146 A.3d 266, 270 (Pa. Super. 2016) ("As long as this Court has jurisdiction over a matter, a legality of sentencing issue is reviewable and cannot be waived. However, a legality of sentencing issue must be raised in a timely filed PCRA petition.") (citations omitted). Accordingly, we affirm the PCRA court's order.

Order affirmed.

_____

[5] Specifically, Appellant argues that his sentence for third-degree murder was imposed under 18 Pa.C.S. § 1102(d). Appellant insists that "all sentencing matters … [are] … governed exclusively by the Sentencing Code." Appellant's Brief at 15 (some formatting omitted). Thus, Section 1102(d), in his view, was "inaccessible to the sentencing judge" at his sentencing proceeding. **Id.**

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>3/12/2026</u>